IN THE CIRCUIT COURT OF THE 11th
                                      JUDICIAL CIRCUIT IN AND FOR
                                      MIAMI-DADE COUNTY, FLORIDA

                                      GENERAL JURISDICTION DIVISION

                                      CASE NO:

DENNIS ROSARIO, an Individual;
REINALDO NIEVES, an Individual;
*Plaintiffs*,

v.

VILLAGE OF BISCAYNE PARK; a Political
Subdivision of Miami Dade County, Florida; and
GEORGE MIYARES, an Individual.
*Defendants*.
_____/

## COMPLAINT

Plaintiffs DENNIS ROSARIO and REINALDO NIEVES (herein "Rosario" and "Nieves") sue The Village of Biscayne Park (herein "Village"), and George Miyares (herein "Miyares"), and state the following:

### JURISDICTION AND IDENTIFICATION OF PARTIES

1. This is an action for damages exceeding the jurisdictional limits of this Court, to wit: $15,000.00 exclusive of interest and court costs.

2. Plaintiffs Rosario and Nieves are residents of Miami Dade County.

3. The Village of Biscayne Park is a political subdivision within Miami Dade County.

4. George Miyares, was an officer employed by the Village at all material times hereto, and is a resident of Miami Dade, County.

5. Jurisdiction is proper in the State of Florida and in Miami Dade County, Florida for the following reasons:

    a. The Plaintiffs are residents of Miami Dade County and are otherwise sui juris.
    b. The Village is political subdivisions of Miami Dade County and Miyares is a resident of Miami Dade County.

    c. The acts which are the subject matter of this complaint took place in Miami Dade County.

6. Venue is proper in Miami Dade County, Florida for the above reasons and because this cause of action accrued or otherwise arose in Miami Dade County, Florida.

7. All conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

## FACTS COMMON TO ALL COUNTS

8. On or about March 3, 2013, the Village's Police Department hired Miyares as a Police Officer.

9. On or about December 29, 2013, Rosario and Nieves were travelling on the roadways of Miami Dade County, Florida, in Nieves' private automobile.

10. On or about December 29, 2013, Miyares while off duty and driving his private automobile, effectuated a traffic stop of Rosario and Nieves.

11. At that place and time, Rosario and Nieves submitted to Miyares after he showed them the gun and badge used by him as a member of the Village's Police Department.

12. At that place and time, Miyares, who was out of his jurisdiction, detained Rosario and Nieves, until an Officer Padron from the City of Miami Police Department arrived and placed Rosario and Nieves under arrest.

13. At that place and time, Miyares brutalized Rosario and Nieves while detaining them, resulting in Rosario having several broken bones in his face due to Miyares smashing his face into the sidewalk while Rosario was handcuffed.

14. Nieves also suffered injuries as a result of Miyares manhandling him during his detention.

15. Rosario and Nieves have had their liberty stripped from them, and have also suffered physical, emotional and psychological injuries from their unlawful detention by Miyares. Rosario, a chief mechanic with American Airlines prior to his unlawful detention and

2

arrest, lost his security clearance and his employment with the airline because of his unlawful detention and arrest.

16. On or about December 29, 2013, prior to Miyares effectuating a traffic stop of Nieves' vehicle he was working "off duty" or "overtime" in the jurisdiction of Miami Beach, Florida pursuant to a Mutual Aid Agreement between the Village Police Department and Miami Beach's Police Department.

17. The Village did not provide any training to Miyares or provide him with any polices and/or procedures regarding working "overtime" or "off duty" prior to December 29, 2013.

18. The Village did not supervise Miyares on December 29, 2013 while he was working "overtime" or "off duty" in the jurisdiction of Miami Beach.

19. Nieves and Rosario were incarcerated under Felony Case Number F13-30359(a) and (b) respectively, were required to pay money to be bonded out of jail, and had to pay attorneys to defend their liberty interests.

20. Rosario was charged under Miami Dade Circuit Criminal Case Number F13-30359(b) with felonious acts of Battery on a Law Enforcement Officer and Resisting an Officer With Violence.

21. On or about February 12, 2015, The Miami Dade State Attorney's Office, after the deposition of Miyares in the criminal case, dismissed all charges against Rosario.

22. Nieves was charged under Miami Dade Circuit Criminal Case Number F13-30359(a) with felonious acts of Aggravated Assault with a Firearm and Resisting an Officer with Violence.

23. On or about February 12, 2015, Nieves, a citizen who possess a permit to carry a concealed weapon, had all his charges dismissed by The Miami Dade State Attorney's Office, after the deposition of Miyares in the criminal case.

24. Miyares was a Miami Dade Correctional Officer prior to being hired by the Village.

25. Miyares' Personnel File from the Miami Dade Correctional Department contains information about Miyares which should have precluded him from being hired as a Police Officer with The Village.

26. The Village was in possession of Miyares' personnel file from the Miami Dade Department of Corrections prior to hiring Miyares.

27. On or about March 1, 2013, the Village executed an affidavit of compliance with the Florida Department of Law Enforcement (herein "FDLE") declaring that they conducted a background check on Miyares in conformity with FDLE's guidelines.

28. On or about March 1, 2013, the Village negligently failed to conduct a background check in conformity with FDLE's guidelines.

29. Information which the Village was on notice of, prior to hiring Miyares includes, but is not limited to:

    a. His 1987 arrest for Aggravated Assault and Resisting an Officer Without Violence;
    b. His 1987 arrest for Making a False Report to a Police Officer, False Imprisonment, and Resisting an Officer Without Violence;
    c. A finding by the Miami Dade Department of Corrections that on June 10, 2008, Miyares used excessive force against an inmate;
    d. A finding by the Miami Dade Department of Corrections that on July 31, 2009, Miyares used excessive force against an inmate;
    e. A finding by the Miami Dade Department of Corrections that in 2011, Miyares used excessive force against an inmate;

4

    f. A denial of employment by the Broward Sherriffs Office in 2006 because Miyares failed the polygraph exam;

    g. A denial of employment by the Metro Dade Police Department in 2006 because Miyares failed the background check;

    h. A denial of employment by the Broward Sherriffs Office in 2006 because Miyares failed the polygraph exam;

    i. A denial of employment by the Hialeah Police Department in 2006 because Miyares failed the background check;

    j. A denial of employment by the Hialeah Police Department in 2007 because Miyares failed the city exam;

    k. A denial of employment by the Fort Lauderdale Police Department in 2006 because Miyares scored too low to pass the exam;

    l. A denial of employment by the Hialeah Gardens Police Department in 2010 because Miyares failed the background check;

    m. A denial of employment by the Miccosukee Police Department in 2006 because Miyares failed the psychological examination;

    n. A denial of employment by the Sweetwater Police Department in 2011 because Miyares failed the psychological examination;

    o. A denial of employment by the Opa Locka Police Department in 2011 because Miyares failed the psychological examination;

    p. A denial of employment by the City of Miami Police Department prior to his employment with Village of Biscayne Park because Miyares failed the psychological examination;

    q. A lawsuit against Miyares by his former employer for violation of a non-compete agreement;

    r. A judgement against Miyares for unpaid debts;

    s. The Village of Biscayne Park's own psychological evaluation of Miyares resulted in him being found to have a "marginal rating";

    t. A February 23, 2012, Miami Dade County Disciplinary Action Report against Miyares, at the time only a correctional officer, for impersonating a police

5

officer – including brandishing a firearm - and violating Miami Dade County department guidelines for having additional employment.

30. Upon information and belief, the Village has a pattern and practice of hiring individuals that are not suitable for the position of Police Officer. In published reports, twenty percent of police officers employed by the Village have a "moral character violation" compared to five percent of officers with the Miami Dade Police Department.

## COUNT 1
## NEGLIGENT HIRING
*(Plaintiffs v. Village)*

31. Plaintiffs hereby readopt and re-allege paragraphs 1 through 30 above.

32. On December 29, 2013, Miyares was employed by the Village as a Police Officer.

33. Prior to hiring Miyares, the Village was required to make an appropriate and reasonable investigation of Miyares and negligently failed to do so.

34. A reasonable investigation would have revealed the unsuitability of Miyares to be a police officer.

35. The Village acted unreasonably and negligently in hiring Miyares in light of the information that they knew or should have known.

36. As a direct and proximate result of the Village's aforementioned negligence, the Plaintiffs Rosario and Nieves suffered bodily injury and resulting pain and disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, expense of legal counsel, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

WHEREFORE, the Plaintiffs demand a judgment for damages against the Village for the negligent hiring of Miyares. Plaintiffs further demand a jury trial on issues so triable, and whatever relief is permissible under the Laws of Florida.

## COUNT II
## 42 U.S. Code §1983 SYSTEMIC PATTERN OF NEGLIGENT HIRING
### *(Plaintiffs v. Village)*

37. Plaintiffs hereby readopt and re-allege paragraphs 1 through 30 above.

38. On December 29, 2013, Miyares was a natural person and an Officer with the Village Police Department.

39. On December 29, 2013, Miyares acted under the color of State Law when he used excessive force to detain Plaintiffs.

40. On December 29, 2013, Miyares' acts under the color of state law were the proximate cause of the damages complained of by Plaintiffs.

41. Miyares deprived Plaintiffs of rights protected by the United States Constitution and United States Federal Law.

42. As a direct and proximate result of the Village's aforementioned negligence, the Plaintiffs Rosario and Nieves suffered bodily injury and resulting pain and disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, expense of legal counsel, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

WHEREFORE, the Plaintiffs demand a judgment for damages against the Village for the negligent hiring of Miyares. Plaintiffs further demand attorney fees, a jury trial on issues so triable, and whatever relief is permissible under the Laws of Florida.

## COUNT III
## FALSE ARREST
### *(Plaintiffs v. Miyares)*

43. Plaintiffs hereby readopt and re-allege paragraphs 1 through 30 above.

44. Miyares in detaining the Plaintiffs, intended to confine the Plaintiffs.

45. Miyares maliciously and falsely informed the City of Miami Police that Plaintiff Nieves had committed Felony Assault With a Firearm and Felony Resisting an Officer With Violence, resulting in Plaintiff Nieves' confinement.

46. Plaintiff Nieves was conscious of the confinement and resulting harm.

47. Miyares' confinement of Plaintiff Nieves, caused Plaintiff Nieves to suffer damages.

48. Miyares falsely informed the City of Miami Police that Plaintiff Rosario committed Felony Battery of a Law Enforcement Officer and Felony Resisting an Officer With Violence, resulting in Plainitff Rosario's confinement.

49. Plaintiff Rosario was conscious of the confinement and resulting harm.

50. Miyares' confinement of Plaintiff Rosario, caused Plaintiff Rosario to suffer damages.

WHEREFORE, the Plaintiffs demand a judgment for damages against Miyares for the false arrest of Plaintiffs. Plaintiffs further a jury trial on issues so triable and whatever relief is permissible under the Laws of Florida.

## COUNT IV
## BATTERY
### *(Plaintiffs v. Miyares)*

51. Plaintiffs hereby readopt and re-allege paragraphs 1 through 30 above.

52. Miyares intended to cause harmful or offensive contact with Plaintiffs.

53. Miyares intentionally and affirmatively did contact Plaintiffs in a harmful and/or offensive manner.

54. Plainitffs did not consent to Miyares intentional, harmful and/or offensive contact with them.

8

55. Miyares' intentional, harmful and/or offensive contact with Plaintiffs caused Plaintiffs to suffer damages.

WHEREFORE, the Plaintiffs demand a judgment for damages against Miyares for his battery of Plaintiffs. Plaintiffs further a jury trial on issues so triable and whatever relief is permissible under the Laws of Florida.

## COUNT V
## VICARIOUS LIABILITY
### *(Plaintiffs v. Village)*

56. Plaintiffs hereby readopt and re-allege paragraphs 1 through 30 above.

57. At all material times, Miyares, while within the course and scope of his employment with the Village negligently caused the detention and arrest of Plaintiffs.

58. As a direct and proximate result of the aforementioned negligence of Defendant Miyares, alleged herein, the Plaintiffs were injured in and about their body and extremities, suffered physical and mental pain and suffering, loss of income and impairment of earning capacity, aggravation of preexisting condition or conditions, permanent disability and disfigurement, medical and maintenance expenses. Said injuries and expenses in the past and will continue to suffer such loss and impairment in the future.

59. At all material times the Village, as employer of Miyares, is vicariously liable for the negligence and damages caused by Miyares while he acted under the color of law as a Village police officer.

WHEREFORE, Plaintiffs demand judgment against the Village for damages, inclusive of taxable costs, interest, and whatever other relief is permissible under the Laws of Florida. Plaintiff further demands Jury Trial for all issues so triable by right.

## COUNT VI
## NEGLIGENT TRAINING/SUPERVISION
*(Plaintiffs v. Village)*

60. Plaintiffs hereby readopt and re-allege paragraphs 1 through 30 above.

61. On December 29, 2013, Miyares was employed by the Village as a Police Officer.

62. The Village was required to appropriately train and supervise its police officers and negligently failed to do so.

63. A reasonable training and supervision of Miyares would have prevented Miyares' conduct that caused Plaintiff's damages.

64. The Village acted unreasonably and negligently in failing to train Miyares on how to act reasonably as a Village police officer, including how to conduct himself while outside the jurisdiction of the Village.

65. As a direct and proximate result of the Village's aforementioned negligence, the Plaintiffs Rosario and Nieves suffered bodily injury and resulting pain and disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, expense of legal counsel, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

WHEREFORE, the Plaintiffs demand a judgment for damages against the Village for the negligent training and supervision of Miyares. Plaintiffs further demand a jury trial on issues so triable, and whatever relief is permissible under the Laws of Florida.

Respectfully Submitted,
By: /s/Vincent Duffy (FBN 82151)

**THE LAW OFFICES OF VINCENT J. DUFFY, P.A.**
Attorney for Plaintiff
777 Brickell Avenue, Suite 400

By: /S/ *Vincent J. Duffy*
VINCENT J. DUFFY
Fla. Bar No.: 82151

**THE LAW FIRM OF STUART H. SHARE, P.A.**
Attorneys for Plaintiff
777 Brickell Avenue, Suite 400
Miami, Florida 33131
Telephone: (305) 371-8700
Facsimile: (305) 749-8573

BY: /S/ *Stuart H. Share*
STUART H. SHARE
Fla. Bar No.: 511579

Email Addresses for service Pursuant
To Fla.R. Jud. Admin 2.516
Stuart@sharelawpa.com
Vince@Duffylawoffices.com
Amanda@sharelawpa.com